454 P.2d 878

**In the Matter of the ESTATE of Willie Hale COHEN, Deceased.**

**Jackie COLE, Appellant,**

v.

**Max A. COHEN, Appellee.**

**No. 1 CA–CIV 578.**

Court of Appeals of Arizona.

Division One.

May 29, 1969.

Rehearing Denied July 28, 1969.

Review Granted Oct. 7, 1969.

John J. Dickinson, Phoenix, for appellant.

Lewis, Roca, Beauchamp & Linton, by John P. Frank, Charles Crehore, Terry D. Oehler, Phoenix, for appellee.

STEVENS, Judge.

This is an appeal from an order granting a motion to dismiss a post-decree petition seeking to vacate a decree of distribution and to set aside a settlement.

During her lifetime Willie Hale Cohen and Max A. Cohen were husband and wife. The appellant, Jackie Cole, is the divorced wife of the grandson of Mr. and Mrs. Cohen. She enjoyed no right of inheritance.

Mrs. Cohen executed a will on 14 September, 1960 and a codicil on 8 May, 1964. By these documents her entire estate was left to Mr. Cohen. On 29 June, 1964 Mrs. Cohen executed a will written in longhand and attested by three witnesses. By this writing one half of her estate was left to Mr. Cohen and one half to Jackie Cole. Jackie Cole was fully aware of the last mentioned writing.

Mrs. Cohen died on 11 October, 1964. On 27 November, 1964 Mr. Cohen filed a petition for probate by which he offered all three documents and requested that the Superior Court " * * * make and enter an order admitting the proper Will to probate * * *." Thereafter Mr. Cohen filed a contest as to the validity of the 29 June, 1964 document. Following the death of Mrs. Cohen there were negotations be-

tween Mr. Cohen and Jackie Cole. The progress of these negotiations in relation to the date upon which Mr. Cohen filed his contest of the 29 June, 1964 document is not clear in the record. A form of settlement agreement was drafted by Mr. Cohen's attorneys and the agreement was discussed by Jackie Cole with her independent counsel. She did not execute the document. She thereafter employed different independent counsel and filed an answer to the contest.

On 18 December, 1964, pursuant to a petition filed in the probate proceeding by Mr. Cohen, a hearing was conducted by the Honorable Robert L. Myers at which both Mr. Cohen and Jackie Cole testified. The settlement was the subject matter of the hearing. Shortly prior to the hearing the settlement originally proposed was enlarged to include the payment of Jackie Cole's counsel's fees by Mr. Cohen. This was also the subject of the testimony at the hearing. At the hearing Jackie Cole raised the issue as to her possible tax liability and Mr. Cohen agreed to enlarge the settlement to hold her harmless from taxes. On 30 December, 1964 a formal written order was signed and filed which effectively recited and approved the settlement and eliminated Jackie Cole from further interest in the estate.

Thereafter the 29 June, 1964 will was admitted to probate. Mr. Cohen was appointed as and qualified as the executor without bond. Notice to creditors was given.

On 7 March, 1966 without specific notice to Jackie Cole, notice having been waived by the settlement agreement, and pursuant to the terms of the settlement as set forth in the 30 December 1964 order, the executor presented his "waiver of account and report" and "petition for partial distribution." Notice thereof was given by posting. The reason for the request for a partial distribution was the desire that the executor be not discharged until the completion of the federal estate tax audit.

The petition came on for hearing as scheduled on 25 March, 1966, on which date the inventory and appraisal was filed, and on which date federal and state estate receipts were filed. The estate was then distributed to Mr. Cohen subject to any additional determination of estate taxes.

On 17 August, 1966 Jackie Cole filed a petition seeking to vacate the decree of distribution and to set aside the settlement. She urged that there had been duress, fraud and concealment of assets. Mr. Cohen filed a motion to dismiss which motion was granted and this appeal followed.

In our opinion the opening brief gives little aid to the Court. The appellee filed an excellent answering brief. No reply brief was filed. The Court has made a careful study of the file.

The order granting the motion to dismiss the post-decree petition is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.